United States District Court
Southern District of Texas
ENTERED
November 13, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RADLEY BRADFORD, individually and on behalf of all others similarly situated, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-4993 |
| | § | |
| UNION HOME MORTGAGE CORP.; | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER

Pending before this Court is Defendant Union Home Mortgage Corp.'s ("Union") Motion to Dismiss. (Doc. No. 15). Plaintiff Radley Bradford ("Bradford") responded in opposition. (Doc. No. 19). Union replied in support of its motion. (Doc. No. 21). After considering the motion and the law, the Court hereby **GRANTS** Union's Motion to Dismiss.

## I. Factual Background

This case arises out of the denial of a credit application. In April of 2026, Bradford applied for a home equity line of credit from Union. (Doc. No. 1 at 2). On April 27, 2026, Bradford received an email from Union denying Bradford's application. (*Id.*). Union attached to that email an "adverse action letter," providing the reason for the denial of Bradford's application as "Credit Application Incomplete." (*Id.*).

Bradford then brought this suit, alleging violation of the Equal Credit Opportunity Act (ECOA). Specifically, Bradford alleges that the adverse action letter "failed to identify the specific reasons for the denial, and failed to specify why the application was incomplete." (*Id.*). Bradford has also brought suit on behalf of all other individuals similarly situated ("Putative Class"), defining these individuals as those who received, in the last five years, a credit denial from Union

in which the stated reason for denial was "Credit Application Incomplete." Union has now moved to dismiss Bradford's complaint for failure to state a claim on which relief could be granted. *See* FED. R. CIV. P. 12(b)(6).

## II. Legal Standard

Union has moved to dismiss for failure to state a claim upon which relief could be granted. FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III. Analysis

Under Title 15 U.S.C. § 1691(d), a credit applicant "against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor." 15 U.S.C. § 1691(d)(2). "A creditor satisfies this obligation by . . . providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken." *Id.* "A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken." *Id.* at (d)(3). "Adverse action" includes a denial of credit. *Id.* at (d)(6).

Union argues that the adverse action letter provided to Bradford (and all those similarly situated)—which provided the reason for denial of credit as "Credit Application Incomplete"—satisfies the requirements of 15 U.S.C. § 1691(d)(2) and (3) as a matter of law. Alternatively, Union argues that this action is barred by the ECOA's "safe harbor" provision. The Court begins with this second argument.

Title 15 U.S.C. § 1691e provides for civil liability for violations of the ECOA. Subsection 1691e(e), however, explicitly limits that liability:

> No provision of this subchapter imposing liability shall apply to any act done or omitted in good faith in conformity with any official rule, regulation, or interpretation thereof by the Bureau [of Consumer Financial Protection] or in conformity with any interpretation or approval by an official or employee of the Bureau of Consumer Financial Protection duly authorized by the Bureau to issue such interpretations or approvals under such procedures as the Bureau may prescribe therefor, notwithstanding that after such act or omission has occurred, such rule, regulation, interpretation, or approval is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

15 U.S.C. § 1691e(e).

In this case, there is both a relevant regulation and a relevant interpretation thereof. First, the regulation. Appendix C to Regulation B to the ECOA (12 C.F.R. § 1002) contains sample notification forms for creditors to use when taking an adverse action. 12 C.F.R. § 1002, App. C

(Sample Notification Forms). Form C-1 specifically states that "Credit application incomplete" is a "Principal Reason for Credit Denial." *Id.* at Form C-1.

Second, The Bureau of Consumer Financial Protection has issued an official interpretation of the provisions at issue. That interpretation states that: "[w]hen an application is incomplete regarding information that the applicant can provide and the creditor lacks sufficient data for a credit decision, the creditor may deny the application giving as the reason for denial that the application is incomplete." 12 C.F.R. § 1002, Supp. I ¶ 9(a)(1) – 1.[1]

Bradford has thus alleged that Union's adverse action letter to Bradford used the exact language of both an official regulation and a Bureau interpretation: "credit application incomplete." That being the case, Union's adverse action letter, as a matter of law, was drafted and sent "in good faith in conformity" with that regulation and with the Bureau's interpretation of the same. *See* 15 U.S.C. § 1691e(e). Liability therefore cannot be imposed in this case under 15 U.S.C. § 1691. *See id.*

Despite Bradford's arguments to the contrary, *Fischl v. General Motors Acceptance Corp.*, 708 F.2d 143, 147–48 (5th Cir. 1983), does not counsel a different result. In *Fischl*, the Fifth Circuit explicitly held that "the reason for refusal of credit," though it "resemble[d] the category . . . deemed acceptable by the Board," "arguably communicate[d] a different meaning." *Id.* at 147. Here, Union used the exact language deemed acceptable by the Bureau.

That being the case, Union's adverse action letter cannot form the basis for liability under the ECOA. Bradford has, therefore, failed to state a claim on which relief could be granted. *See* FED. R. CIV. P. 12(b)(6). This conclusion is necessarily the same with respect to those individuals

---

[1] The Board of Governors of the Federal Reserve has adopted identical guidance (both with respect to the sample notification forms and the official interpretation) for entities falling under its purview. *See* 12 C.F.R. § 202 App. C at Form C-1; 12 C.F.R. § 202, Supp. I ¶ 9(a)(1) – 1.

whom Bradford identified in his complaint as "similarly situated." By Bradford's definition, these individuals are limited to those who received adverse action letters from Union with the same reason for denial that—as the Court has just held—cannot form the basis for liability under the ECOA.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Union's Motion to Dismiss. (Doc. No. 15). Bradford's claims—and those of all similarly situated individuals—are dismissed with prejudice.

It is so ordered.

Signed on this the 13th day of November 2026.

Andrew S. Hanen
United States District Judge